# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| TENESHA BIRDEN, as Mother and Next Friend of J.S., a Minor,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF WATERLOO, IOWA et al.,<br><br>Defendants. | No. 15-CV-2062-LRR<br><br>**ORDER** |

The matter before the court is Plaintiff Tenesha Birden's "Motion for Relief from Protective Order" ("Motion") (docket no. 14), which she filed on May 17, 2016. On May 31, 2016, Defendants filed a Resistance (docket no. 15). In the Motion, Birden requests that the court grant her relief from the parties' agreed-upon protective order (docket no. 13).

Birden states that materials produced by Defendants on April 14, 2016 included an internal affairs division report, "which shows that the internal affairs division relied upon fictitious witnesses, who allegedly not only provided false names, but false addresses, and false phone numbers, and false employment information in clearing Defendant Everett of any wrongdoing or policy violations in his interaction with J.S." Motion at 1-2. Birden argues that the court should lift the protective order so that she can incorporate the internal affairs division report "into an amended complaint to address previously undisclosed misconduct by the Waterloo Police Department (and potentially attach [it] as an exhibit in a publicly available document) . . . ." Brief in Support of the Motion (docket no. 14-1) at 5.

Defendants state that the alleged "fictitious witnesses" who provided false information to Lieutenant Alan Carrier are presumed to be undocumented immigrants who

"provided false information to avoid perceived legal consequences." Resistance at 2. Defendants argue that the court should not lift the protective order because "there is no credible evidence that [the police officer] who conducted the Internal Affairs investigation or any other representative of the Waterloo Police Department intentionally falsified names, addresses, phone numbers, or other information . . . ." Brief in Support of the Resistance (docket no. 15-1) at 2. Furthermore, Defendants argue that lifting the protective order "would seriously prejudice Defendants . . . based on pure speculation and conjecture . . . ." *Id.* at 3.

"A party seeking to amend a protective order has the burden of 'showing that intervening circumstances have obviated or limited any potential prejudice to the protected party.'" *U.S. Commodity Futures Trading Comm'n v. U.S. Bank, N.A.*, No. C13-2041, 2015 WL 429962, at *2 (N.D. Iowa Feb. 2, 2015) (quoting *Jochims v. Isuzu Motors, Ltd.*, 151 F.R.D. 338, 342 (S.D. Iowa 1993)); *cf. Iowa Beef Processors, Inc. v. Bagley*, 601 F.2d 949, 954 n.5 (8th Cir. 1979) (noting that a "party requesting a protective order must initially show that the information sought to be protected is within the scope of Rule 26(c) and that he might be harmed by its disclosure"). "[T]here is general unanimity among the courts that where a party to [a] stipulated protective order seeks to modify that protective order, that party must demonstrate particular good cause in order to gain relief from the agreed to protective order." *Jochims v. Isuzu Motors, Ltd.*, 145 F.R.D. 499, 501 (S.D. Iowa 1992) (citing district court cases stating same). "The courts' rationale for this standard is that a party which in good faith negotiates a stipulated protective order and then proceeds to produce documents pursuant to that protective order is entitled to the benefit of its bargain; namely, to rely upon the terms of the stipulated protective order." *Id.* at 501-02.

Here, Birden seeks to modify the protective order so that she can file an amended complaint, along with "potentially attach[ing] [the report] as an exhibit in a publicly

available document." Brief in Support of the Motion at 5. However, Birden has not identified any evidence supporting her claim that the internal affairs report reveals a "systematically inept or incompetent ability to investigate wrongdoing of Waterloo Police Offices," an intentional "cover-up of the wrongdoing of police officers" or "conspiracy within the Waterloo Police Department to falsify records." Motion at 2. Speculation alone does not permit Birden to renegotiate the terms of the parties' agreement. The parties submitted a joint proposed protective order to the court, which the court then entered. *See* Joint Motion for Protective Order (docket no. 12); Protective Order (docket no. 13). Defendants state that they released the internal affairs report, along with other confidential documents, pursuant to the protective order. *See* Brief in Support of the Resistance at 2 ("The Defendants would not have released the confidential Internal Affairs documents had the [c]ourt not entered the Protective Order in question."). Because the parties agreed upon the protective order, Defendants produced the information under the protective order and Birden has not demonstrated "particular good cause" for modifying the protective order, the court shall deny the Motion. *See Jochims*, 145 F.R.D. at 501. Accordingly, the Motion (docket no. 14) is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED** this 7th day of June, 2016.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA